

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELLEN MASTERSON,

      Plaintiff,

v.

                                      Civil Action No. 2:12cv697

AAAA SELF STORAGE MANAGEMENT
GROUP LLC,

      Defendant.

## OPINION AND ORDER

Plaintiff Ellen Masterson ("Plaintiff" or "Ms. Masterson") filed this action claiming her employment with Defendant AAAA Self Storage Management Group LLC ("Defendant") was terminated in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Defendant disputes that Ms. Masterson's age was a factor in her termination, and instead argues that she was fired for falsifying company documents; a legitimate, non-discriminatory reason. On July 16, 2013, after both parties consented to proceed before the undersigned U.S. Magistrate Judge ("undersigned") in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the case was referred by the U.S. District Judge to the undersigned to conduct all proceedings and enter final judgment. ECF No. 20. This matter is now before the Court on Defendant's motion for summary judgment, ECF No. 23, its brief in support, ECF No. 24, Plaintiff's opposition, ECF No. 25, and Defendant's reply, ECF No. 26. The Court heard oral argument of counsel on January 13, 2014, and the motion is now ripe for

disposition. For the following reasons discussed below, Defendant's motion for summary judgment, ECF No. 23, is **GRANTED**.

## I. Background

Defendant owns and manages dozens of self-storage facilities in Virginia, North Carolina, Florida, Georgia, and South Carolina. ECF No. 24 at 3 ¶ 1. In February of 2005, at 46 years old, Ms. Masterson was hired by Defendant as a facility manager for the Suffolk location, and she remained in that position until her termination. ECF Nos. 24 at 4 ¶¶ 12-13; 25 at 2 ¶¶ 1-2. Defendant employs approximately 55 facility managers, such as Ms. Masterson. ECF Nos. 24 at 3 ¶ 2; 25 at 2 ¶ 4. In addition to general oversight and managerial responsibilities, facility managers are tasked with handling and managing large amounts of money, much of it cash. ECF No. 24 at 3 ¶ 3. Defendant relies on a Policy and Procedure Manual ("the Manual"), which dictates facility operation procedures, and the specific duties of the facility manager. Defendant provided a copy of the Manual to Ms. Masterson during the course of her employment as a facility manager, and she was familiar with her responsibilities as laid out in the Manual.[1] ECF No. 24 at 3 ¶ 7. Relevant to this matter is the Defendant's policy for acts that may result in immediate discharge of an employee. Specifically, immediate discharge can occur due to an employee's (1) theft of company property; (2) dishonesty of any kind; and (3) falsification of employment records, work records, or other company records. ECF No. 24 at 4 ¶ 10; *see also* ECF No. 24, Ex. 1.

---

[1] In her opposition brief, Ms. Masterson contests the specifics surrounding the Manual, when she received it, and if she actually read it. In the June or July of 2010, Defendant replaced the paper-version of the Manual with an online version. Ms. Masterson does not dispute that she received a copy of the manual, nor does she dispute that she was familiar with its contents. *See* Masterson Deposition at 43-44 (hereinafter "Masterson Dep."). Rather, Ms. Masterson clarified in her opposition that she "was asked to sign an acknowledgement of [her receipt] of the new online policies and procedures without first reviewing [it]." ECF No. 25 at 17-18. Ms. Masterson goes on to state that Defendant encouraged her to read it during her "free time." *Id.* Regardless, based on the deposition testimony and the record, it is undisputed that Ms. Masterson was aware of Defendant's policies, and specifically, familiar with the procedures at issue as discussed more fully in this section.

In November of 2009, Ms. Dawn Vrhovac ("Ms. Vrhovac") became the District Manager who had supervisory authority over Ms. Masterson and the Suffolk facility. ECF Nos. 24 at 5 ¶ 15; 25 at 2-3 ¶¶ 5-6. Subsequently, in December of 2009, and again in May and June of 2010, Ms. Masterson was recognized as a "manager of the month," an award which required, among other things, a minimum evaluation score of 85. ECF No. 25 at 3 ¶ 8, Exs. 9-11. During oral argument, it was elicited that "manager of the month" can be awarded for different reasons in different months, and that the honor does not necessarily mean that the facility manager is excelling in all aspects of her employment. On July 28, 2010, while performing a quarterly evaluation, Ms. Vrhovac gave Ms. Masterson an evaluation score of 75. ECF No. 24, Ex. 7.

Part of Ms. Masterson's responsibilities as facility manager included depositing funds from the Suffolk facility at the local BB&T bank branch. ECF Nos. 24 at 6 ¶ 31; 25 at 3 ¶ 10. Pursuant to the Manual, deposits at the local bank were required to be made by the facility manager every day before 2:00 p.m., but not on Saturdays or Sundays. ECF No. 24 at 6 ¶ 31. Ms. Masterson would submit mileage reimbursement forms every month to Defendant for trips she made to the bank, and both sides agree that it was important for the mileage to be accurate. ECF Nos. 24 at 7 ¶¶ 32-35; 25 at 4 ¶ 10; Masterson Dep. at 49, 51. In July of 2010, Ms. Vrhovac determined that Ms. Masterson had been overstating the mileage for which she claimed reimbursement for trips to the bank. Specifically, by making the trip herself one day, Ms. Vrhovac discovered that the exact roundtrip mileage between the Suffolk facility and the bank was 5.24 miles, and not the 7 miles Ms. Masterson had been claiming on travel expense reimbursement forms up until that time. ECF Nos. 24 at 7 ¶¶ 36-40; 25 at 4 ¶ 12. Once Ms. Vrhovac established the exact mileage at 5.24 miles, she notified Ms. Masterson via email of this necessary mileage correction, and insisted that further mileage reimbursement submissions be

3

accurate, and Ms. Masterson agreed. ECF Nos. 24 at 7-8 ¶¶ 40-41; 25 at 4 ¶ 13; Masterson Dep. at 48-50 (agreeing with Ms. Vrhovac that mileage requests would be "accurate to the penny" going forward).

The following month, while reviewing mileage reimbursement forms for July 2010, Ms. Vrhovac concluded that Ms. Masterson had claimed mileage reimbursement for four bank trips that she believed Ms. Masterson never made, specifically trips to make bank deposits the dates of July 25, 27, 28, and 29 of 2010. ECF Nos. 24 at 8 ¶¶ 43-44; 25 at 4 ¶ 15; *see also* ECF Nos. 24, Ex. 16; No. 25, Ex. 4. Based on her belief that Ms. Masterson had therefore submitted false claims for reimbursement, and after having just warned her about submitting inaccurate reimbursement forms, Ms. Vrhovac terminated Ms. Masterson's employment on August 24, 2010. ECF No. 24 at 9 ¶ 48. While the parties dispute that age played a role in Ms. Masterson's termination, they do not dispute that the Defendant's sole professed reason for the termination was Ms. Masterson's alleged falsification of mileage reimbursement records for July. ECF Nos. 24 at 9 ¶ 48; 25 at 7 ¶ 30. Indeed, during oral argument, this was stipulated to by counsel. Moreover, during the meeting wherein Ms. Masterson was terminated, another district manager, Ms. Paula Pruitt, was present, and it is undisputed that age was never discussed during the termination conversation. ECF Nos. 24 at 9 ¶¶ 47-49; 25 at 25. At this meeting, Ms. Masterson did not explain her reasons for submitting reimbursement claims for these four dates. Masterson Dep. at 69-71.

Defendant contends that Ms. Vrhovac's conclusion that Ms. Masterson had falsified her reimbursement claims was correct and thus its termination decision was justified. Plaintiff contends that Defendant made insufficient inquiry into the reasons why Ms. Masterson submitted reimbursement claims for those dates, and those reasons were appropriate. Plaintiff thus

4

contends that the claim that Ms. Masterson falsified her reimbursement records was just an excuse to terminate her because of her age.

Ms. Vrhovac's conclusion regarding the claims for the dates at issue was based on the following reasons. First, each of the justifications for mileage reimbursement for the four dates was stated to be "Bank – Daily Deposit." ECF No. 25, Ex. 16. With respect to the reimbursement claim for July 25, Ms. Vrhovac determined that Ms. Masterson would not have been entitled to reimbursement for any trip on July 25 because that day was a Sunday. According to the Manual, deposits were not to be made on Sundays, Ms. Masterson knew this, and had not attempted to make deposits on Sundays in the past. ECF Nos. 24 at 8 ¶ 44; 25 at 22-23. Next, Ms. Vrhovac actually made the bank deposits herself on July 27 and 28 when she was visiting the facility, and therefore Ms. Masterson could not have done so. ECF Nos. 24 at 9 ¶ 45. Lastly, regarding the July 29 reimbursement request, Ms. Vrhovac concluded that assistant manager Mandy Trautz, who had also submitted a mileage reimbursement request for making the bank deposit that day, had been the one to make the bank deposit, and not Ms. Masterson, based on her review of time and deposit records and her conversation with Ms. Trautz. ECF No. 24 at 9 ¶ 46.

In contrast, Ms. Masterson contends that her reimbursement requests were not falsified. First, she claimed that she did, in fact, attempt to make a deposit on Sunday, July 25, only to discover that the bank did not have a dropbox in which she could leave the deposit. ECF No. 25 at 5 ¶ 16. She further contends she later informed Ms. Vrhovac of this event. *Id.* at ¶ 17. Ms. Masterson claims that she did travel to the bank on July 27 to make the deposit but was unable to do so because the line at the bank was too long and she would not have been able to return to the facility in a timely fashion. *Id.* at ¶ 18. She further contends she called Ms. Vrhovac to inform

5

her she had not made the deposit. *Id.* at ¶ 19. Next, she claims she did travel to the bank on July

28 at the end of the day, not to make a deposit to but get change for the next day's business. *Id.*

at ¶ 23. Finally, Ms. Masterson claims that Ms. Vrhovac neither interviewed Ms. Masterson nor

looked at her time records to determine if she had, in fact, traveled to the bank on July 29 to

make the daily deposit. *Id.* at ¶ 29. Notably, however, nowhere does she actually claim that she

did, in fact, travel to the bank that day. *Id.* at ¶¶ 26-29. During oral argument, her counsel

conceded that there is no evidence in the record that Ms. Masterson actually traveled to the bank

on July 29.

After Ms. Masterson's termination, Defendant initially offered her job as facility manager

to Ms. Cristin Walters, who was "in her mid-40s," and even though Ms. Walters initially

accepted the job offer, she never actually assumed the job position. ECF No. 24 at 10 ¶¶ 51-54.

Instead, Ms. Christina Taylor, who was 26 or 27 years old at the time, ultimately replaced Ms.

Masterson and assumed her duties as facility manager at the Suffolk location. ECF Nos. 24 at 10

¶¶ 55-56; 25 at 8 ¶ 33.

Ms. Masterson alleges that Defendant is using falsification of company records as an

excuse to terminate her because of her age. ECF No. 25 at 2. Defendant contends it is entitled to

summary judgment because no reasonable finder of fact could conclude that Ms. Masterson's

age was the real reason for her termination. ECF No. 24 at 2. Defendant argues Ms.

Masterson's claim fails for two reasons: (1) she cannot establish a prima facie case of age

discrimination because she was not meeting Defendant's legitimate expectations at the time of

her discharge; and (2) even if Ms. Masterson did establish a prima facie case of discrimination,

Defendant had a legitimate, non-discriminatory reason for her termination – her falsification of

the July 2010 mileage reimbursement form – and Plaintiff cannot establish that this reason was a

pretext for age discrimination. *Id.* Based on the evidence in the record, the Court **FINDS** that there are material facts in dispute as to whether Ms. Masterson was meeting her employer's legitimate job expectations at the time of her termination, and therefore the Plaintiff has established a prima facie case of age discrimination. However, the Court also **FINDS** that the Defendant has proffered a legitimate, non-discriminatory reason for the Plaintiff's termination, and her claim ultimately must fail because she fails to identify any evidence in the record upon which a reasonable jury could rely to conclude that age discrimination was the real motivation for her termination. Accordingly, and for those reasons, as more fully discussed below, Defendant is entitled to judgment as a matter of law.

## II. Discussion

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In general, the relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The Court must view the evidence, including any depositions, answers to interrogatories, admissions, and affidavits, in a light most favorable to the non-moving party. *Id.* at 255. However, the existence of a mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; rather, there must be a genuine issue of material fact. *Id.* at 247-48. Moreover, "the non-moving party must produce 'significantly probative evidence' from which a reasonable jury could return a verdict in his favor." *Bandy v. Advance Auto Parts, Inc.*, No. 7:11-cv-365, 2012 WL 6018741, at *4 (W.D. Va. Nov. 29, 2012) (quoting *Abcor Corp.*

7

*v. AM Int'l, Inc.*, 916 F.3d 924 (4th Cir. 1990)). "While courts must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue, summary judgment disposition remains appropriate if the plaintiff cannot prevail as a matter of law." *Bandy*, 2012 WL 6018741, at *4 (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)).

## B. Age Discrimination under the ADEA

It is unlawful for any employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 283 (4th Cir. 2004) (en banc). To establish a claim for age discrimination under the ADEA, Plaintiff must prove by a preponderance of the evidence that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but for" cause. *Marlow v. Chesterfield Cnty. Sch. Bd.*, 749 F. Supp. 2d 417, 427 (E.D. Va. 2010) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)). Evidence that age was the "but for" cause of the challenged adverse employment action may be either direct or circumstantial. *Gross*, 557 U.S. at 177-78 (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 141-43 (2000)). "If the only sufficient evidence is circumstantial, the Court generally follows the burden-shifting framework employed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 92 (1973)." *Marlow*, 749 F. Supp. 2d at 427 (citing *Reeves*, 530 U.S. at 142). Direct evidence is evidence that the employer "announced, or admitted, or otherwise unmistakably indicated that age was a determining factor" in the particular employment action. *Id.* (quoting *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 485 (4th Cir.1982)). Here, the parties stipulated

during oral argument that there is no direct evidence of age discrimination,[2] and accordingly, the analysis properly proceeds under the *McDonnell Douglas* framework to determine through circumstantial evidence whether age was the "but for" cause of Plaintiff's termination. *Cf. Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294-95 (4th Cir. 2010) ("Notwithstanding the intricacies of proof schemes, the core of every [employment discrimination case] remains the same, necessitating resolution of 'the ultimate question of discrimination *vel non*.") (citation omitted).

Under *McDonnell Douglas*, Plaintiff must first establish a prima facie case of age discrimination by showing she was: (1) entitled to protection under ADEA as someone forty years old or older; (2) qualified for the job and met her employer's legitimate expectations; (3) terminated (or suffered an adverse employment action); and (4) replaced by a substantially younger individual. *Reeves*, 530 U.S. at 142; *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *see also Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006). If Plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a "legitimate, nondiscriminatory reason for the termination." *Warch*, 435 F.3d at 513-14. "The employer's burden at this stage 'is one of production, not persuasion; it can involve no credibility assessment.'" *Id.* at 514 (quoting *Reeves*, 530 U.S. at 142) (internal quotation marks omitted). If the employer establishes a legitimate reason, "the presumption of discrimination created by the

---

[2] During oral argument, Plaintiff conceded that two comments made by Ms. Vrhovac, as testified to by Ms. Masterson during her deposition, did not qualify as direct evidence of age discrimination, nor are they "what this case is about." *See generally* Masterson Dep. 72-28. During her deposition, Ms. Masterson testified that Ms. Vrhovac made two comments during the course of her employment that could be construed as related to age: first, after a deer came on the facility property, Ms. Masterson attempted to "shoo" the deer away, and as a result, got kicked by the deer. Ms. Vrhovac responded by stating, "Someone your age should know better." Masterson Dep. at 73. Ms. Masterson understood the comment to mean, "Someone [her] age should know better than messing with a wild animal." *Id.* The second comment was made regarding Ms. Masterson's computer skills. Ms. Vrhovac said Ms. Masterson has "been out of school a long time and things have changed, and maybe [she] should seek, you know, further education to improve [her] technical ability with manipulating the computer." Based on Plaintiff's concession and the record before the Court, the Court finds that these two isolated comments are not direct evidence of age discrimination. *See Marlow*, 749 F.Supp.2d at 428 (comments regarding an employee's lack of "21st Century skills" do not constitute direct evidence of age discrimination.).

prima facie case disappears from the case," and the burden shifts back to Plaintiff, who must show that reason was not the true reason, but merely a pretext for age discrimination. *Warch*, 435 F.3d at 514 (citing *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004); *see also Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 255 (1981)). "At this last step, the burden to demonstrate pretext merges with the ultimate burden of persuading the court that [Plaintiff] has been the victim of intentional discrimination." *Bandy*, 2012 WL 6018741, at *5 (citing *Lettieri v. Equant Inc.*, 478 F.3d 640, 646-47 (4th Cir. 2007) (citation and internal quotation marks omitted)).

### C. Ms. Masterson's Claim of Age Discrimination under the ADEA

#### 1. Plaintiff established a prima facie case of age discrimination.

Given that the Court must view the evidence in a light most favorable to the Plaintiff as the non-moving party, the Court finds that Ms. Masterson has established a prima facie case of age discrimination. First, it is undisputed that Ms. Masterson was 46 years old at the time she was hired, ECF Nos. 24 at 4 ¶¶ 12-13; 25 at 2 ¶¶ 1-2, and 52 years old at the time she was terminated; thus, she is within the protected class under the ADEA, thereby satisfying the first prima facie element. *See* 29 U.S.C. § 631(a) ("The prohibitions in this chapter shall be limited to individuals who are at least 40 years of age."). Second, it is also undisputed that Ms. Masterson was terminated from her employment with Defendant, thereby establishing the second prima facie element. ECF Nos. 24 at 9 ¶ 47; 25 at 8 ¶ 32. Third, Ms. Masterson was ultimately replaced by a substantially younger individual, Ms. Taylor, who was 26 or 27 years old at the time, thereby satisfying the fourth prima facie element. ECF Nos. 24 at 10 ¶¶ 55-56; 25 at 8 ¶ 33. To determine whether a substantially younger individual replaced Plaintiff, the Court must determine whether "the process of selection produced a residual work force including some

10

persons in the group who were substantially younger than [plaintiff]." *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 430 (4th Cir. 2000). Because Ms. Taylor was the "residual work force" who ultimately assumed Ms. Masterson's duties, and because Ms. Taylor was at least 25 years younger than Ms. Masterson at the time she was terminated, Ms. Masterson satisfied her burden of showing she was replaced by a substantially younger individual. [3] *See Duffy v. Belk, Inc.*, 477 F. App'x 91, 94 (4th Cir. 2012) (unpublished) ("Twenty years his junior, Cravens is 'substantially younger' than Duffy.").

Lastly, however, the Defendant contends that Ms. Masterson's prima facie case fails because she cannot show evidence of the third prima facie element, i.e., that she was meeting the legitimate expectations of her employer at the time of her termination. ECF No. 24 at 12-13. When determining whether Ms. Masterson was meeting the legitimate expectations of Defendant at the time of her termination, "[i]t is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996). Moreover, Plaintiff's own testimony cannot establish a genuine issue as to whether this element has been satisfied. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003). However, on Defendant's summary judgment motion, the Court must view the evidence in a light most favorable to Ms. Masterson. *Anderson*, 477 U.S. at 255.

As support for its contention that Ms. Masterson failed to meet the legitimate expectations of her employer, Defendant proffered Ms. Vrhovac's July 28, 2010 job performance evaluation of Ms. Masterson, in which her performance score of 75 was considered below the

---

[3] The Court's finding that this element of the prima facie case has been satisfied does not change even if Ms. Walters is considered as Ms. Masterson's replacement. During oral argument, Defendant conceded that a replacement in her mid-40s, such as Ms. Walters, most likely would be considered a "substantially younger" individual than Ms. Masterson, given that the age difference could be nine years between Ms. Masterson's 52 year age and Ms. Walter's mid-40's range, potentially 43. Therefore, Plaintiff satisfies this element whether she was replaced by Ms. Taylor (26-27 year old) or Ms. Walters (mid-40s).

Defendant's expectations. ECF No. 24, Ex. 7; Vrhovac Dep. 87. Specifically, Defendant provided evidence purporting to show that Ms. Masterson failed to conduct "proper space audits, as a number of units were left unsecured for extended periods of time . . . . [s]he was not handling delinquent accounts properly . . . . [h]er 'phone scores' were chronically and unacceptably low . . . . [a]nd her handling of petty cash did not meet Company expectations." ECF No. 24 at 12 (citing Ex. 7). Defendant also proffered that during her deposition, Ms. Masterson conceded that in these areas, she was not meeting Defendant's expectations. *See* Masterson Dep. at 37-40 (discussing that she was not happy with the scores she received, while not necessarily conceding that she failed to meet expectations, but agreeing that she did not receive maximum points possible).

In opposition, Ms. Masterson proffered that Defendant "memorialized on paper its satisfaction and pleasure with Plaintiff by repeatedly naming her 'Manager of the Month' – [an honor bestowed upon only] a select few of the approximately 55 facility managers employed by Defendant." ECF No. 25 at 11 (citing Exs. 9, 10, 11: Nicholson Dep. at 15-16). Specifically, Ms. Masterson was recognized as a Manager of the Month in December of 2009, and in May and June of 2010. *Id.* Ms. Masterson also cited to an evaluation done by a third party, "SkilCheck Services," who awarded her certificates of achievement for "outstanding telephone salesmanship" in May and September of 2009. ECF No. 25, Exs. 12, 13.

The Court finds that, viewing the evidence in a light most favorable to Ms. Masterson, *Anderson*, 477 U.S. at 255, there is a genuine issue of material fact as to whether, at the time of her termination, the Plaintiff was meeting the legitimate expectations of her employer. Although the Defendant presented evidence of an evaluation that showed Ms. Masterson was performing deficiently in various aspects of her job, Ms. Masterson presented her own evidence to show she

received accolades from Defendant—one as recent as two months before her termination. As the non-moving party, Ms. Masterson is entitled to have her version of the facts accepted as true, and, moreover, to have all internal conflicts resolved in her favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). By earning evaluation scores of 85 in some months, and therefore earning "manager of the month" recognition, along with the other evidence that Ms. Masterson was evaluated positively and awarded certificates of achievement, the Plaintiff has proffered sufficient evidence that she was meeting her employer's legitimate job expectations. In addition, the Court notes that, from month to month, close to a majority of the 55 managers failed to earn sufficient scores of 85 to qualify as "Manager of the Month." ECF No. 25, Exs. 9, 10 and 11. Thus, giving the benefit of all reasonable inferences to the non-moving party, the Court can infer from the evidence that an evaluation score of less than 85 does not necessarily indicate that an employee is failing to meet her employer's expectations. Consequently, the Court draws the inference that Ms. Masterson was meeting the legitimate expectations of her employer "from the underlying facts [as presented by Plaintiff and] viewed in the light most favorable to [her as the non-moving party.]" *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

By her proffer the Plaintiff has satisfied the third element of her prima facie case, i.e., she was meeting the legitimate job expectations of her employer, and therefore each element of the prima facie case has been met. Because the Court finds that Ms. Masterson established a prima facie case of age discrimination, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for her termination. *Warch*, 435 F.3d at 513-14.

## 2. Defendant advanced a legitimate, nondiscriminatory reason for Plaintiff's termination.

Defendant contends that the "record evidence establishes that [Defendant] discharged Plaintiff for falsifying company records after being specifically warned not to do so." ECF No. 24 at 15. In response, Ms. Masterson contends that Ms. Vrhovac, as the lone decision maker, "did nothing to inquire and/or investigate the reliability of her assumptions [that certain travel slips were falsified]." ECF No. 25 at 13. At this point in the *McDonnell Douglas* burden-shifting scheme, Defendant's burden is "one of production, not persuasion; it can involve no credibility assessment." *Reeves*, 530 U.S. at 142. Defendant proffered the company's policy and procedure manual as proof that falsification of company records is cause for immediate termination. *See* ECF No. 24, Ex. 1 at 3-5 ("The following actions by employees, while not all-inclusive, may result in disciplinary action, including termination . . . . Falsifying employment records, work records or other Company records."). This was the sole reason offered by Defendant for Ms. Masterson's termination, which the Plaintiff does not dispute. ECF Nos. 24 at 9 ¶ 48; 25 at 7 ¶ 30. The parties also agree that committing an act of dishonesty, such as falsifying reimbursement records, is a legitimate reason for termination. ECF Nos. 24 at 3 ¶¶ 5-6; Masterson Dep. at 17, 98. Accordingly, Defendant has met its burden of production by offering this legitimate, nondiscriminatory reason for Ms. Masterson's termination that is wholly unrelated to Ms. Masterson's age. Under the *McDonnell Douglas* framework, once the employer meets this burden, "the presumption of discrimination created by the prima facie case disappears from the case" and the plaintiff must prove that her employer's reason was mere pretext, and that her age was the true discriminatory reason for her termination. *Warch*, 435 F.3d at 514 (citing *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004); *see also Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 255 (1981)).

14

### 3. Plaintiff failed to establish pretext.

In the last portion of the burden-shifting scheme under *McDonnell Douglas*, after Defendant has offered a legitimate nondiscriminatory reason for termination, "Plaintiff must demonstrate 'that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' First, Plaintiff must establish that the proffered reason is false, and second, Plaintiff must establish that the alleged form of discrimination was the real reason." *Ramos v. Molina Healthcare, Inc.*, No. 1:12cv856, 2013 WL 4053227, at *10 (E.D. Va. Aug. 8, 2013) (quoting *Reeves*, 530 U.S. at 143; citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (additional citations omitted)).   To demonstrate that age discrimination was the real reason for her termination, Ms. Masterson "must produce sufficient evidence upon which one could find that 'the protected trait . . . *actually motivated* the employer's decision. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 286 (4th Cir. 2004) (citing *Reeves*, 530 U.S. at 141) (emphasis added); *cf. Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor J, concurring) ("[S]tatements by nondecisionmakers, or statements by decisionmakers unrelated to the decision process itself [do not] suffice to satisfy the plaintiff's burden [of proving discrimination.]").   At this point, Ms. Masterson must show and "persuade the court that [she] has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256.

Ms. Masterson can meet her burden of proving pretext either by showing that the Defendant's explanation for her termination is "unworthy of credence," or by offering other forms of circumstantial evidence sufficiently probative of age discrimination. *Id.*; *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002).   The Court finds that Ms. Masterson has failed to carry her burden. First, she has failed to produce evidence upon which a

15

reasonable jury could rely to find that the Defendant's proffered reason for terminating her is "unworthy of credence." In July 2010, Ms. Vrhovac discovered that Ms. Masterson had been submitting claims for mileage reimbursement that were measurably incorrect. ECF No. 24 at 7-8. The documentary evidence submitted in the record shows that Ms. Masterson had been submitting overinflated mileage claims in the several months prior to Ms. Vrhovac's discovery. *Id.,* Exs. 10-13. Ms. Vrhovac counseled Ms. Masterson on this and advised her that future false reimbursement requests would result in her termination. ECF No. 24, Ex. 10; Vrhovac Dep. at 90-91. As a result, Ms. Masterson assured her employer that all future reimbursement requests would be "accurate to the penny." *Id.* Nonetheless, with the very next month's submission, Ms. Vrhovac discovered that Ms. Masterson submitted reimbursement requests for travel that she did not appear to have actually made. ECF No. 24 at 6-9. The Defendant has explained that, given the large amounts of money, much of it cash, with which managers are entrusted, personal integrity and adherence to proper procedures is important. ECF No. 24 at 3. Defendant's Manual specifically provides that theft, dishonesty and falsifying company records are all grounds for termination, and Ms. Masterson was aware of this. ECF No. 24 at 3, Ex. 1; Masterson Dep. at 19, 23. Accordingly, once Ms. Vrhovac determined that Ms. Masterson had submitted reimbursement forms for trips to the bank in July that Ms. Vrhovac believed were not made by Ms. Masterson, she terminated Ms. Masterson. ECF No. 24, Ex. 17.

Ms. Masterson objects to Defendant's conclusion that she submitted false reimbursement requests on the grounds that she really did travel to the bank on at least three of the four days in question, but that the Defendant performed an insufficient investigation into her side of the story. ECF No. 24 at 5-7, ¶¶ 17, 22, 25 and 29. Notwithstanding this objection, Defendant's conclusion, even if mistaken, that she had once again submitted a false reimbursement request, is

not rendered "unworthy of credence" merely because Ms. Masterson insisted that she had gone to the bank on three of the four days at issue. *Burdine*, 450 U.S. at 256. Having made the deposits herself on two of the days, and knowing that company policy directed that bank deposits not be made on Sundays, Ms. Vrhovac had a legitimate reason to believe that, when Ms. Masterson claimed to have made bank deposits on those days, this was not true. Moreover, Ms. Vrhovac investigated the deposit on July 29 and discovered that another employee had, in fact, made the deposit that day, after comparing the employees' in and out times, the time of the deposit, and speaking with the other employee. Vrhovac Dep. at 61-64, 98. Moreover, Ms. Masterson herself has never claimed to have actually gone to the bank that day. ECF No. 25 at 6-7. Based on the undisputed material facts, Ms. Masterson has simply failed to establish that the Defendant's reason for terminating her is not worthy of belief.

To be sure, whether the Defendant's termination of Ms. Masterson was the correct decision, a wise decision, or even a mistaken decision, is not the issue. In the first instance, this Court "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination . . . ." *DeJarnette v. Corning*, 133 F.3d 293, 299 (4th Cir. 1998) (citing *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410 (7th Cir. 1997) (quotations and citations omitted)). As discussed before, the decision to terminate Ms. Masterson was based on Defendant's view that she was falsifying company records, specifically, mileage reimbursement forms—an act evidencing dishonesty that violates company policy and is punishable by termination. It is not the Court's role "to decide whether Defendant's reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for [Ms. Masterson's] termination." *DeJarnette*,

17

133 F.3d at 299 (quoting *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410-11 (7th Cir. 1997)).  Ms. Masterson failed to present any evidence to the contrary.

As one district court observed, "whether or not [the Plaintiff] actually violated the [the Defendant's] Policy is immaterial to his claim.  The pertinent inquiry is not whether the employee acted in a way so as to warrant termination, but whether the decisionmaker honestly believed the employee so acted."  *Bandy*, 2012 WL 6018741, at *7 (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 217 (4th Cir.2007) ("[T]he uncontested evidence established that [the decisionmaker] honestly believed that [the plaintiff] deserved to be discharged . . . regardless of whether [the plaintiff] did in fact issue the threats . . . . [U]ltimately, it is the perception of the decisionmaker which is relevant.") (internal quotation marks and citations omitted).  As in *Bandy*, the Plaintiff here "offers no evidence to undermine [Ms. Vrhovac's] averments that [s]he believed [Ms. Masterson] had violated the Policy." *Id.*

In addition to failing to establish that the proffered reason for her termination by Defendant—her falsification of company records—was false, Ms. Masterson also fails to carry her burden because the record is devoid of any evidence that her age actually motivated Defendant to terminate her employment. *Warch*, 435 F.3d at 514.  Even if the Court considered the two statements of Ms. Vrhovac discussed *supra* n.2, the Court finds that such "statements by decisionmakers unrelated to the decision process itself [do not] suffice to satisfy the plaintiff's burden." *Price Waterhouse*, 490 U.S. at 277.  Absent any other circumstantial evidence that Ms. Vrhovac harbored age-related bias, her comments do not constitute circumstantial evidence that Ms. Masterson's age was the "but-for' reason for her termination. *Compare Marlow*, 749 F. Supp. 2d at 436-37, *with Mereish*, 359 F.3d at 356-57.  There is absolutely no evidence in the record that the Court could view in a light most favorable to Ms. Masterson that would allow it

to find that she has been the victim of intentional age discrimination.[4]  Accordingly, because there is no evidence of discriminatory intent by Defendant, Ms. Masterson has failed to rebut Defendant's legitimate nondiscriminatory reason for her termination.  As a matter of law, Ms. Masterson's age discrimination claim must fail.

### III. Conclusion

For the reasons discussed above, the Court finds that there are no genuine issues as to any material fact in this case, and that Defendant is entitled to judgment as a matter of law, because no reasonable fact-finder could find that Ms. Masterson has set forth evidence sufficient to prove that her age was the motivating factor in her termination.  Therefore, Defendant's motion for summary judgment, ECF No. 23, is **GRANTED**.

The Clerk shall enter judgment for the Defendant, and forward a copy of this Order to counsel of record for the parties.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 17, 2014

---

[4] Rather, there is undisputed evidence in the record that age was not discussed or even mentioned when she was terminated by Ms. Vrhovac. ECF Nos. 24 at 9 ¶¶ 47-49; 25 at 25.

19